**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AL WASHINGTON, | ) | Case No. 1:06CV631 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL MOTORS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADVERSE INFERENCE INSTRUCTIONS AND OTHER SANCTIONS**

Defendants General Motors Corporation, Larry Speicher and Roy Pikus, pursuant to Fed. R. Civ. P. 16(f) and 37(b) and Local Rule 37.2, respectfully request the Court deny Plaintiff's Motion for Adverse Inference Instructions and Other Sanctions for three reasons. First, the law is clear that a party is entitled to an adverse inference only where there are facts showing the destruction of evidence was "intentional and for the purpose of depriving the opposing party of evidence." *Sullivan v. General Motors Corp.*, 772 F. Supp. 358, 362 (N.D. Ohio 1991) (citing *Banks v. Canton Hardware Co.*, 103 N.E.2d 568, 573 (Ohio 1952)). Plaintiff has offered absolutely no evidence that the materials at issue were destroyed at any point, much less after plaintiff gave notice of his litigation. Second, plaintiff vastly overreaches in his requested relief, further warranting denial of his motion. Third, plaintiff's motion is procedurally deficient and should be stricken as untimely. For all these reasons, as more fully set forth below, plaintiff's motion requesting adverse inferences and other sanctions should be denied in its entirety.

CC 2019726v1

## I.    Plaintiff Is Not Entitled to An Adverse Inference

Ohio federal courts have held that "*a court may not allow an inference that a party destroyed evidence that is in its control, unless the party did so in bad faith.*"  *O'Brien v. Ed Donnelly Enterprises, Inc.*, No. 2:04-cv-85, 2006 WL 2583327, at *3 (S.D. Ohio Sept. 5, 2006) (italics in original).  Ohio state courts similarly require "a strong showing of malfeasance – or at least gross neglect – before approving such a charge." *Id.* (citing authority).  An adverse inference instruction may not be given if any of the following circumstances exist: (a) a plausible explanation is given for the loss or misplacement of the evidence, (b) there is nothing to show that the destruction of evidence was willfully designed to disrupt the plaintiff's case, or (c) there is no evidence of intentional destruction.  *Roetenberger v. Christ Hosp.*, 839 N.E.2d 441, 448 (Ohio App. 2005).  Applying either Ohio federal or state law, plaintiff is not entitled to an adverse inference.

Without a shred of supporting evidence, plaintiff argues that defendants "failed to retain" (Motion, p. 4) or "somehow lost or conveniently destroyed" a series of performance appraisals (Motion, p. 6) *after* plaintiff filed his EEOC charge.  Plaintiff's argument is wholly without merit.  As shown by the attached declarations of O.J. Adkins, Larry Speicher[1] and Roy Pikus, defendants did not destroy the PMPs or any other document relating to plaintiff's case at any point. While plaintiff repeatedly points to GM's policies purportedly requiring the PMPs to be retained, it bears noting that failure to adhere to a document retention policy does not support an adverse inference.  *See, e.g., Worldwide Basketball & Sports Tours, Inc. v. NCAA*, No. 2:00-CV-1439, 2002 WL 32137511, at *18 (S.D. Ohio July 19, 2002) (rejecting adverse inference even though evidence suggested defendant had an official policy of keeping notes that was not

---

[1] Mr. Speicher's affidavit is signed, but not notarized.  Defendants will promptly supplement this response by providing a notarized affidavit.

adhered to).  Moreover, it is as plausible to infer the documents were never created as it is to infer they are missing due to unknown reasons.

Even presuming that the documents were created at some point, it is equally plausible than any loss of evidence occurred long before plaintiff's litigation commenced, and Ohio courts have repeatedly held that it is inappropriate to draw an adverse inference from the prelitigation loss or destruction of evidence.  *See, e.g., Joostberns v. United Parcel Servs., Inc.*, 166 Fed. Appx. 783, 796 (6th Cir. 2006); *O'Brien*, 2006 WL 2583327, at *4; *Worldwide*, 2002 WL 32137511, at *18.  As the Court in *O'Brien* explained, "the destruction or loss of evidence *before* notice of [] litigation . . . does not provide this Court with any foundation to infer that the missing evidence was adverse to defendants."  2006 WL 2583327, at *4.

Plaintiff has no evidence (a) the PMPs ever existed, (b) the PMPs were destroyed by defendants, or (c) the destruction was intentional and willfully designed to disrupt plaintiff's case.  In contrast, defendants have produced evidence that they did not engage in any such destruction, suggesting that any loss of evidence occurred before plaintiff's litigation began.  In these circumstances, plaintiff is not entitled to an adverse inference.  *See also Scott v. Eastman Chem. Co.*, No. 05-6079, 2008 WL 1808549, at *10-11 (6th Cir. April 22, 2008) (applying Tennessee law, similar to Ohio law, and denying request for adverse inference based on missing documents that formed basis for numeric scores used to determine promotions because there was no evidence the documents were destroyed intentionally in bad faith or for any improper purpose); *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 495 (6th Cir. 2006) (applying Michigan law, similar to Ohio law, and denying request for adverse inference based on unexplained loss of file because "there is absolutely no evidence of intentional wrongdoing" and plaintiff's argument for adverse inference thus "lacks factual and legal support").

CC 2019726v1

## II. Plaintiff Has No Legal or Factual Basis For His Requested Relief

The most astounding part of plaintiff's motion is the relief he requests. Not only does plaintiff ask the Court to 'rohibit defendants from introducing evidence of the reasons for plaintiff's termination, but he also requests the Court instruct the jury that it "must infer" that "Plaintiff's termination was motivated by race and not based on performance-related issues." In one grand swoop, plaintiff thus seeks to bypass the Court's consideration of defendants' summary judgment motion and deny defendants the right to defend themselves at trial. Plaintiff's requested relief, however, finds no support in the law.

The giving of an adverse inference instruction was not even discussed in three of the cases plaintiff cites. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002) *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, 448 F. Supp. 2d 876 (S.D. Ohio 2006). The requested adverse inference was <u>denied</u> in *Zublake v. UBS Warburg LLC*, 220 F.R.D. 212, 222 (S.D.N.Y. 2003), where the court recognized that an adverse inference instruction is "an extreme sanction and should not be given lightly." *Id.* at 220. Plaintiff also relies on *Welsh v. United States*, 844 F.2d 1239 (6th Cir. 1988), a case which applied Kentucky, not Ohio, law. *Id.* at 1245.

Adverse inferences under Ohio law were allowed in *Clay v. United Parcel Ser., Inc.*, 501 F.3d 695 (6th Cir. 2007) and *Sauer v. University Internal Med. Assoc., Inc.*, No. 1:06cv264, 2008 U.S. Dist. LEXIS 20725 (S.D. Ohio March 17, 2008), with two critical distinctions. First and foremost, in both cases, the defendants had the evidence in their possession and control, but refused to produce it. *Clay*, *supra*, at 712; *Sauer*, *supra*, at *22-23. That differs drastically from the situation here, where the evidence apparently does not exist, and plaintiff has no evidence that it did exist at the time he filed his EEOC charge.

4

Second, in both *Clay* and *Sauer*, the courts only allowed an adverse inference for purposes of consideration of the defendants' motions for summary judgment. *Clay*, *supra*, at 712; *Sauer*, *supra*, at *23. The adverse inference given simply allowed the plaintiff to establish a prima facie case of discrimination. *See id.* The courts did not allow the "missing" evidence to be used for any other purpose, including an argument that the employment decisions at issue were discriminatory. *See id.* Thus, none of the cases cited by plaintiff support his requested relief.

Ohio law is clear that where evidence is missing, but was not intentionally destroyed, the remedies afforded to the opposing party are quite limited. Under certain circumstances, a party may be allowed to argue at trial that the absence of the evidence renders the opposing party unable to meet a burden of proof. *See Sullivan*, 772 F. Supp. at 364.[2] However, even when such circumstances exist, the courts have refused to give a specific jury instruction stating as much, instead finding that the general jury instructions on the nature of the evidence which the jury may consider and the burdens of proof suffice to address the situation. *Id.* This is the only appropriate relief which plaintiff could request, but any such request would have to be made at trial and subject to objections by defendants. Plaintiff has no basis to seek this or any other relief in advance of any trial. Plaintiff's motion should thus be denied in its entirety.

### III.    Plaintiff's Motion is Untimely and Should be Stricken

The discovery deadline in this case was April 30, 2008. Under the Court's Scheduling Order at 2-3, "[a]ll discovery-related motions *must* be filed no later than the discovery cutoff date") (emphasis added). A motion requesting an adverse inference is considered a discovery motion. *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-CV-569, at *2 (S.D. Ohio Jun

---

[2] Defendants do not concede the appropriateness of any such argument by plaintiff at any trial and reserve their right to make appropriate objections.

18, 2008).  Despite this, plaintiff did not file his motion until July 1, 2008, two months after the discovery motion deadline.  Plaintiff did not seek or obtain leave of court to file the motion out of time.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of noncompliance with this rule, including attorney's fees, unless the judge finds that the non-compliance was substantially justified or that other circumstances make an award of expenses unjust.

Refusal to consider a motion made in contravention of a district court's scheduling order is one of the many suitable sanctions under Rule 16(f).  *Clarksville-Montgomery County Sch. Sys v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991).

In *Permasteelisa*, the plaintiff filed a motion for an adverse inference and sanctions based on spoliation of evidence, arguing that the defendants had intentionally destroyed relevant evidence.  *Id.*, at *1-2.  Rather than responding to the motion on the merits, the defendants moved to strike the motion as untimely because, *inter alia*, the motion was not filed prior to the deadline for filing discovery motions. *Id.*  The court granted the defendants' motion, finding the plaintiff had waived the right to ask for an adverse inference by failing to timely file a motion for discovery sanctions. *Id.*, at *2.  *See also Morrison v. Stephenson*, No. 2:06-cv-0283 at *17 (S.D. Ohio Jan. 10, 2008) ("demonstrating the inability to meet a court-ordered deadline despite the exercise of due diligence is a pre-requisite to granting relief from a deadline established in a pretrial order"); *United States v. Guy*, No. 1:05 CV 2605, 2006 U. S. Dist. LEXIS 52566 at *6 (N.D. Ohio July 31, 2006) (denying motion to compel solely on the basis that it was untimely under the deadlines established by the court under its rules).

6

Here, too, the Court should find the plaintiff has waived his right to request an adverse inference be given. As recognized in *Permasteelisa*, there is no doubt that plaintiff's motion is a discovery motion. Under the Court's scheduling order, this motion was thus required to be filed by April 30, 2008, and plaintiff has no excuse for not meeting that deadline, having been aware well before July 1 that defendants were unable to produce the PMPs which form the basis of his motion. Plaintiff has thus waived his right to seek this relief now, and his motion should be denied.

The refusal to consider plaintiff's motion will cause no prejudice to plaintiff because, as set forth above, plaintiff is not entitled to an adverse inference. Plaintiff has absolutely no evidence that defendants intentionally destroyed any evidence in this case. Moreover, this is the second time plaintiff has ignored the deadline for filing a discovery motion, and the continued failure to adhere to this Court's deadlines and rules should not be tolerated. The Court should therefore deny plaintiff's motion as untimely.

For these reasons, defendants General Motors Corporation, Larry Speicher and Roy Pikus respectfully request the Court deny Plaintiff's Motion for Adverse Inference Instructions and Other Sanctions, and for such other relief as the Court deems proper under the premises.

CC 2019726v1

DATE:          July 22, 2008                    Respectfully submitted,

                                                LATHROP & GAGE L.C.


                                                By:    /s/ David C. Vogel
                                                       David C. Vogel  (45937)
                                                       2345 Grand Boulevard, Suite 2800
                                                       Kansas City, Missouri 64108-2684
                                                       Telephone:  (816) 292-2000
                                                       Telecopier:  (816) 292-2001
                                                       dvogel@lathropgage.com

                                                       Michael S. Glassman, Esq.
                                                       DINSMORE & SHOHL LLP
                                                       255 E. Fifth Street, Suite 1900
                                                       Cincinnati, Ohio 45202
                                                       Phone: (513) 977-8200
                                                       Fax:    (513) 977-8255
                                                       michael.glassman@dinslaw.com
                                                       *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing Defendants'

**Opposition to Plaintiff's Motion for Adverse Instructions and Other Sanctions** with the

Clerk of Court using the CM/ECF System, which shall send notification of such filing to the

following:


         Nathanial R. Jones, Esq.: jones-n@blankrome.com
         Michael L. Cioffi, Esq.: cioffi@blankrome.com

         *Counsel for Plaintiff*

                                                */s/ David C. Vogel*
                                                       David C. Vogel  (45937)
                                                       2345 Grand Boulevard, Suite 2800
                                                       Kansas City, Missouri 64108-2684
                                                       Telephone:  (816) 292-2000
                                                       Telecopier:  (816) 292-2001
                                                       dvogel@lathropgage.com

8